Borenstein, J.
Plaintiff filed suit to recover the cost of extra work which it was required to perform on a construction project for the defendant. Plaintiff moved for summary judgment on Count I (recovery under c. 30, §39N), Count II (breach of contract) and Count VI (breach of warranty regarding sufficiency of plans and specifications). Defendant filed a cross-motion for summary judgment on all counts of the complaint. For the reasons set forth below, plaintiffs motion is allowed in part and denied in part, and defendant’s motion is denied.
BACKGROUND
In June of 1991 plaintiff and defendant entered into two contracts for the repair and construction of sewers and storm drains in the city (hereafter the “Project”). The Project required the removal of existing sewer lines. Jon D’Allessandro performed prebid site investigations for the Project. D’Allessandro randomly removed certain manhole covers to examine the flow through the sewer pipes and the construction of the existing pipe. He was only able to observe that portion of the existing pipe which was above the effluent flow line. Based on this visual inspection, D’Allessandro determined that the existing lines were made of brick. By conducting the inspection in this manner, it was not possible for D’Allessandro to ascertain what materials lay below the effluent line.
The defendant hired Maguire Group, Inc. (“Mag-uire”) to design the plans and specifications for the Project. Maguire was aware that some of the brick pipe which was to be removed may have been constructed with a concrete base. Neither the plans nor the specifications which Maguire prepared for the Project indicated the existence of brick pipe with a concrete base. Maguire did not disclose the information about the concrete basing because it did not have exact information regarding the presence of brick pipe with a concrete base at each of the location subject to the Project and therefore did not want to mislead bidders by presenting imprecise information.
Based upon his inspection, D’Allessandro submitted a bid which the defendant eventually accepted. While working on the Project, plaintiff encountered a concrete base on existing brick pipe at certain locations. Brick pipe with a concrete base is significantly more expensive to remove than plain brick pipe. Upon encountering the first such location, plaintiff submitted a claim to defendant for an adjustment to the contract price. The defendant did not respond to plaintiffs request. Eventually, plaintiff notified the defendant by letter that he was proceeding with the removal of the concrete basing under protest and subject to a later claim for the cost of additional work. The defendant did not respond to this letter.
After completing the project at considerable additional expense, plaintiff filed this action.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The plaintiff argues that it is entitled to an equitable adjustment in the contract price, that it notified de *169 fendant of its claim pursuant to G.L.c. 30, §39N, and that defendant’s subsequent refusal to respond to plaintiffs request constituted a breach of contract. Chapter 30, §39N provides that when a claim is made for an adjustment in the contract price
the contracting authority shall make an investigation of such physical conditions, and, if they differ substantially or materially... from those ordinarily encountered and generally recognized as inherent in work of the character provided for in the plans and contract documents and are of such a nature as to cause ... an increase or decrease on the cost of the work, the contracting authority shall make an equitable adjustment in the contract price . . .
Plaintiff maintains that brick pipe with a concrete base was an unforeseen condition, not ordinarily encountered and recognized as inherent in work of the character provided for in the plans and specifications and not discoverable pursuant to a reasonable prebid inspection, which caused a significant increase in the cost of performance. Plaintiff properly notified defendant of this unforeseen condition and was repeatedly ignored by the latter. Accordingly, plaintiff asserts that it should be compensated for the cost of the extra work.
As a threshold matter, defendant contends that plaintiff is not entitled to summary judgment because there are genuine disputes regarding certain facts cited by plaintiff in support of its motion. First, defendant takes exception to plaintiffs statement that brick was commonly used to construct sewers and drains in Cambridge. Defendant opines that plaintiffs statement infers that sewers in Cambridge were constructed only with brick, an inference which defendant maintains is unreasonable because materials other than brick are commonly used to construct sewers and drains in the city. However, plaintiff does not dispute that other materials have been used; rather, plaintiff contends that D’Allessandro’s conclusion was reasonable given that brick was commonly used to construct sewer lines in Cambridge. Significantly, defendant has not controverted plaintiffs assertion that the pipes observed by D’Allessandro were constructed with brick. Moreover, the pipes actually removed by plaintiff were made of brick. Consequently, there is no material dispute on this issue.
Second, defendant objects to plaintiffs contention that it is impossible to determine the composition of existing sewer lines from a visual inspection. Defendant has not offered an affidavit or deposition testimony which creates a factual dispute on this issue. Plaintiff relies on the deposition testimony of Jeremiah Lucey, a supervisor employed by defendant, who testified that it was not possible for D’Allessandro to determine the composition of existing lines after a visual inspection of the pipes conducted from inside a manhole cover. In an effort to controvert plaintiffs evidence, defendant offers the deposition testimony of Robert Barrows who stated that, under certain circumstances, a visual inspection might reveal the material out of which the existing lines are made. However, the Court determines that Barrow’s testimony is equivocal and conclusory and therefore inadequate to create a genuine factual dispute on this issue.
Alternatively, defendant argues that it is entitled to summary judgment in that the undisputed facts establish that plaintiff is barred from recovery because (1) D’Allessandro failed to conduct an adequate prebid inspection, and (2) plaintiff breached the construction contract by failing to obtain written authorization from defendant before performing the extra work.
Defendant makes much of the fact that the contracts contain several provisions that place responsibility on plaintiff to adequately familiarize itself with the conditions of the site prior to bidding. Defendant argues that plaintiff failed to adequately familiarize itself and therefore should be precluded from holding defendant responsible for its neglect. In particular, defendant asserts that D’Allessandro was aware that the drawings and specifications did not identify the materials out of which the sewers were constructed and that this information could have been obtained from “as built” drawings on file with the city. Defendant claims that D’Allessandro was aware of these drawings, yet he made no effort to consult them prior to submitting a bid.
Defendant’s argument regarding the adequacy of the inspection falls for several reasons. First, defendant has offered no testimony, expert or otherwise, which demonstrates that D’Allessandro’s prebid inspection did not conform to industry standards. More importantly, however, defendant has failed to demonstrate that plaintiffs inspection was unreasonable under the circumstances of this case. On the one hand, defendant asserts that plaintiff had an obligation to look beyond the contract documents and examine the as builts; on the other hand, defendant admits that Maguire did not indicate in the plans and specifications the materials out of which the sewer pipes were constructed because it did not have exact information regarding the presence of concrete basing at each of the locations subject to the construction project and therefore did not want to “mislead” bidders by supplying imprecise information. It is not disputed that Maguire had access to the as built drawings. In effect then, defendant is arguing that plaintiff had an obligation to obtain information which Maguire, the professional design company hired to provide drawings and specifications upon which bidders were to rely, was admittedly unable, or unwilling, to obtain itself. It is clear to the Court that neither the defendant, plaintiff, nor Maguire would have been able to predict with any certainty how much concrete basing would be encountered during the project. It is the *170 defendant, not the plaintiff, who should bear the burden of the extra cost arising from this uncertainty.
Defendant also attempts to exploit the fact that plaintiff “failed” to obtain written consent from the defendant, as required by the construction contracts, before removing the concrete basing. Consequently, defendant contends, plaintiff breached the construction contract and is barred from recovery under either c. 30, §39N or a breach of contract theory. This argument is without merit. It is undisputed that plaintiff requested a price adjustment from defendant and that the latter inexplicably failed to respond. The defendant cannot be heard now to complain that plaintiff failed to comply with the terms of the contract; if anything, defendant’s conduct thwarted plaintiffs efforts to comply with the contract.
In sum, the undisputed facts in this case support the entry of summary judgment for plaintiff.[1] However, the Court’s determination is limited to the issue of liability because there remains a genuine dispute over the measure of damages. Accordingly, that dispute will be addressed in a damage assessment hearing.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is ALLOWED, on the issue of liability only, with respect to Counts I and II of the complaint, but is DENIED with respect to Count VI and on the issue of damages in Counts I and II. Defendant’s cross-motion for summary judgment is DENIED.

It should be noted that plaintiff is entitled to summary judgment only on Counts I and II. As for Count VI, the Court determines that a dispute remains as to the adequacy of the plans and specifications. Significantly, neither party submitted expert testimony on this issue.